UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL J. SEPULVEDA,

    Petitioner,

v.                                Case No: 2:14-cv-73-FtM-29MRM

SECRETARY, DEPARTMENT OF CORRECTIONS and ATTORNEY GENERAL, STATE OF FLORIDA,

    Respondents.[1]

_____

**OPINION AND ORDER**

This matter comes before the Court upon a petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254 by Michael J. Sepulveda ("Petitioner") who is presently confined at the Hamilton Correctional Institution in Jasper, Florida (Doc. 1, filed January 21, 2014). Petitioner, proceeding *pro se*, attacks the conviction and sentence entered by the Twentieth Judicial Circuit Court in Lee County, Florida for capital sexual battery. Id. Respondent filed a response to the petition (Doc. 9). Petitioner filed a reply (Doc. 15).

---

[1] When a petitioner is incarcerated and challenges his present physical confinement "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Rumsfeld v. Padilla, 542 U.S. 426, 436 (2004) (citations omitted). In Florida, the proper respondent in this action is the Secretary of the Florida Department of Corrections. Therefore, the Florida Attorney General will be dismissed from this action.

Petitioner raised two claims in his original petition. However, in his reply, Petitioner admits that Claim Two is unexhausted because he did not appeal the post-conviction court's denial of the claim (Doc. 15 at 1). Petitioner stated that he "hereby voluntarily abandons ground two of his original § 2254 Petition and asks the court to consider his original petition as if filed based only upon Ground (1)." Id. Accordingly, Claim Two will not be further considered. After a review of the record, the Court concludes that Petitioner is not entitled to relief on Claim One. Therefore, an evidentiary hearing is not warranted. See Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing).

**I.  Background and Procedural History**

On May 16, 2006, Petitioner was charged by information with one count of capital sexual battery on a child less than 12 years of age, contrary to Florida Statute § 794.011(2) (Ex. 1, Vol. 1 at 7).[2] A trial was held on October 1-2, 2008 (Ex. 2).

During the trial, it came to the court's attention that a juror who had been peremptorily stricken by the state was sitting

---

[2] References to exhibits and volumes are to those filed by Respondent on July 9, 2014 (Doc. 12).

on the jury (Ex.3, Vol. II at 207).[3]  The judge told Petitioner that "[W]e do have an alternate that everybody agreed on, so you have choices.  You can move for a mistrial and you may very well get it right now and just be doing this all over again in front of Judge Shoonover next week exactly the same time. . . [o]r we can excuse [the incorrect juror] and use the alternate and we'll still have six."  Id.  After consulting with Petitioner, counsel made a motion for a mistrial, which was granted.  Id. at 209, 210.

Prior to jury selection at Petitioner's retrial, defense counsel asserted that retrial was barred by double jeopardy (Ex. 2, Vol. 1 at 5).  The retrial court pondered why neither defendant nor the state had pointed out to the first trial court, prior to the commencement of trial, that an incorrect juror had been empaneled.  Id. at 8.  The retrial court determined that the first court had reason for granting the mistrial and that jeopardy had not attached.  Id.  After the second trial, Petitioner was found guilty and sentenced to life in prison (Ex. 1, Vol. V at 72).

On direct appeal, Petitioner argued that the trial court violated his right against double jeopardy by conducting a second

---

[3] The court explained it to the parties as follows: "Apparently the bailiff went out in the hall to get the people and I gave him the names and he came back with somebody different than what we gave him; that's what I understand." (Ex. 2, Vol II at 209-10).

trial after his first trial ended in a mistrial (Ex. 4). Florida's Second District Court of Appeal *per curiam* affirmed (Ex. 6).

Petitioner filed a motion and an amended motion pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (collectively, "Rule 3.850 motion"), raising multiple claims of ineffective assistance of counsel (Ex. 8; Ex. 12). After an evidentiary hearing, the post-conviction court denied the claims (Ex. 14). Petitioner did not appeal the denial of his Rule 3.850 motion (Doc. 1 at 5).

Petitioner filed the instant federal habeas petition on January 21, 2014 (Doc. 1).

## II. Governing Legal Principles

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This standard is both mandatory and difficult to meet. White v. Woodall, 134 S. Ct. 1697, 1702 (2014). A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants


deference. Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008). Notably, a state court's violation of state law is not sufficient to show that a petitioner is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Wilson v. Corcoran, 562 U.S. 1, 16 (2010).

"Clearly established federal law" consists of the governing legal principles, rather than the dicta, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision. White, 134 S. Ct. at 1702; Carey v. Musladin, 549 U.S. 70, 74 (2006) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)). That said, the Supreme Court has also explained that "the lack of a Supreme Court decision on nearly identical facts does not by itself mean that there is no clearly established federal law, since 'a general standard' from [the Supreme Court's] cases can supply such law." Marshall v. Rodgers, 133 S. Ct. 1446, 1449 (2013) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). State courts "must reasonably apply the rules 'squarely established' by [the Supreme] Court's holdings to the facts of each case. White, 134 S. Ct. at 1706 (quoting Knowles v. Mirzayance, 556 U.S. 111, 122 (2009)).

Even if there is clearly established federal law on point, habeas relief is only appropriate if the state court decision was "contrary to, or an unreasonable application of," that federal law. 29 U.S.C. § 2254(d)(1). A decision is "contrary to" clearly

established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. Ward v. Hall, 592 F.3d 1144, 1155 (11th Cir. 2010); Mitchell v. Esparza, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner, Brown v. Payton, 544 U.S. 133, 134 (2005); Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Bottoson, 234 F.3d at 531 (quoting Williams, 529 U.S. at 406). The unreasonable application inquiry "requires the state court decision to be more than incorrect or erroneous," rather, it must be "objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75-77 (2003) (citation omitted); Mitchell, 540 U.S. at 17-18; Ward, 592 F.3d at 1155. The petitioner must show that the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded

disagreement." White, 134 S. Ct. at 1702 (quoting Harrington v. Richter, 562 U.S. 86 (2011)). Moreover, "it is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court." Knowles, 556 U.S. at 122.

Finally, when reviewing a claim under § 2254(d), a federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct[,]" and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Burt v. Titlow, 134 S. Ct. 10, 15 (2013) ("[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.") (quoting Wood v. Allen, 558 U.S. 290, 293 (2010)).

**III. Analysis**

Petitioner asserts that the trial court violated his right against double jeopardy by conducting a second trial after his first one ended in a mistrial (Doc. 1 at 28-29). Petitioner argues that, although he moved for the mistrial (which would generally preclude him from asserting that double jeopardy barred a re-trial), prosecutorial or judicial misconduct provoked him into doing so. Id. at 29 (citing Oregon v. Kennedy, 456 U.S. 667, 673

(1982)). Petitioner also asserts that the inclusion of the excused juror was not "so earth shaking an event as to make it **IMPOSSIBLE** [to] conduct a fair trial or reach a fair verdict." Id. (emphasis in original). Petitioner raised this claim on direct appeal (Ex. 4), but it was rejected by the appellate court (Ex. 6).

The Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb[.]" U.S. Const. Amend. V. The Double Jeopardy Clause protects a criminal defendant from repeated prosecution for the same offense. Kennedy, 456 U.S. at 671 (citing United States v. Dinitz, 424 U.S. 600, 606 (1976)). The Double Jeopardy Clause clearly bars the re-prosecution of a criminal defendant on the same charges after a judgment of conviction or acquittal. United States v. Wilson, 420 U.S. 332, 342-43 (1975). However, the Clause "does not offer a guarantee to the defendant that the State will vindicate its societal interest in the enforcement of the criminal laws in [only] one proceeding." Kennedy, 456 U.S. at 672.

When a trial is terminated over the objection of the defendant, double jeopardy bars re-trial unless there was "manifest necessity" for the jury's discharge. See United States v. Perez, 22 U.S. 579, 280 (1824) ("We think, that in all cases of this nature, the law has invested Courts of justice with the authority to discharge a jury from giving any verdict, whenever,

in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated."). However, the United States Supreme Court has concluded that in cases where the *defendant* has sought the mistrial, "the 'manifest necessity' standard has no place in the application of the Double Jeopardy Clause." Kennedy, 456 U.S. at 672; United States v. Scott, 437 U.S. 82, 93 (1978) (recognizing that a defendant's motion for a mistrial constitutes "a deliberate election on his part to forgo his valued right to have his guilt or innocence determined by the first trier of fact."); United States v. Tateo, 377 U.S. 463, 467 (1964) ("If Tateo had *requested* a mistrial on the basis of the judge's comments, there would be no doubt that if he had been successful, the Government would not have been barred from retrying him.") (emphasis in original). In the instant case, defense counsel moved for a mistrial upon learning that a juror had been improperly impaneled (Ex. 3, Vol. I at 60).

Petitioner asserts that there is an exception to the general rule that retrial is not barred by double jeopardy when the defendant moves for a mistrial (Doc. 15 at 2). Specifically, he urges that the trial court's conduct was intended to provoke him into moving for a mistrial:

> [T]he court, on its own initiative brought up and pursued the issue, which led to the granting of the Motion for Mistrial. The

> court provided the petitioner with an either or choice without any input from either counsel. The court failed to explore all possibilities, which could have led to the continuation of trial. The court failed to establish a manifest necessity for granting a mistrial. The court failed to make clear why it was impossible for the jury, as selected and accepted by all parties concerned, to reach a fair verdict. The court effectively goaded the Petitioner into moving for a mistrial.
>
> It is obvious from the remarks made by the court that prior to bringing the situation to the attention of the concerned parties the court had already decided that double jeopardy would not attach to a Motion for Mistrial in this case. The court in the second trial also ruled that double jeopardy did not attach, as brought up by Respondent. In neither case did either court give any kind of factual or legal reason for this assumption/ruling. The ruling/assumption was made in both [trials] arbitrary and without supporting rule, law, or case law being stated for the record.

Id. at 3 (internal citations to the record omitted). Indeed, the Supreme Court has found that "where the governmental conduct in question is intended to 'goad' the defendant into moving for a mistrial[,] a defendant [may] raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion." Kennedy, 456 U.S. at 676. However, a review of the record does not support a conclusion that the Kennedy exception applies in Petitioner's case.

When the first trial court became aware that an excused juror sat through a portion of the trial, the court explained the

- 10 -

situation to the parties (Ex. 3, Vol. II at 207). The court told defendant that he could move for a mistrial "and you may very well get it right now" or he could excuse the mistakenly empaneled juror and use the alternate juror instead. Id. at 208. After discussing the situation with Petitioner, counsel stated:

> I've had an opportunity to speak to Mr. Sepulveda and at this time we are going to ask for a mistrial. We are not comfortable going forward with the alternate we chose, Mr. Donald, to be on our jury as he is not present through an oversight.

Id. At the court's request, counsel made a formal motion for a mistrial, which was granted. Id. at 208-09.

The trial court did not goad Petitioner into moving for a mistrial. To the contrary, the court cautioned him *against* moving for a mistrial; pointed out that an alternate juror was available; and noted that the parties were in the same situation as if one of the jurors had not shown up for trial (in which case the trial would proceed with the alternate juror) (Ex. 3, Vol. II at 208). Nevertheless, instead of proceeding with the alternate juror, Petitioner chose to move for a mistrial. Even if Petitioner subjectively felt forced to ask for the mistrial in light of the bailiff's mistake in seating the incorrect juror, the Double Jeopardy Clause applies only where the government *intentionally* goaded the defense, not in cases of mistake or carelessness. There is no indication that the empanelment of the stricken juror was

intended to provoke a mistrial request. See <u>Kennedy</u>, 456 U.S. at 674-75 (clarifying that double jeopardy exception for defendants who request a mistrial is limited to cases in which the government actually intended to provoke a mistrial); <u>see also</u> <u>Robinson v. State</u>, 574 So. 2d 108, 112 (Fla. 1991) (finding that the <u>Kennedy</u> exception was inapplicable since the prosecutor's misconduct was not a deliberate attempt to provoke a mistrial and there was no indication that the prosecutor wanted a mistrial or that a mistrial would have benefitted the State in any way). Because Petitioner has not shown that the bailiff's mistake was intended to provoke him into moving for a mistrial, the <u>Kennedy</u> exception is not applicable.

Fairminded jurists could conclude that the state court's adjudication of this claim was neither contrary to clearly established federal law nor based upon an unreasonable determination of the facts. As a result, Petitioner is not entitled to federal habeas relief on his claim.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

**IV. Certificate of Appealability[4]**

Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute

---

[4] Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court

entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003)(citation omitted). Petitioner has not made the requisite showing in these circumstances.

Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis.*

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Florida Attorney General is dismissed from this action.

2. Petitioner's 28 U.S.C. § 2254 petition is **DENIED**.

3. Petitioner is **DENIED** a certificate of appealability.

---

must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Id. As this Court has determined that Petitioner is not entitled to habeas corpus relief, it must now consider whether Petitioner is entitled to a certificate of appealability.

      4.    The **Clerk of Court** is directed to terminate any pending motions, enter judgment accordingly, and close this case.

      **DONE** and **ORDERED** in Fort Myers, Florida on this __10th__ day of August, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: Michael J. Sepulveda
Counsel of Record